■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HUBERT JOHNSON, Appellant.— Appeal by defendant, as limited by his brief, from two sentences of the Supreme Court, Queens County, both imposed August 8, 1973, upon separate convictions of the crimes of attempted illegal possession of a vehicle identification number plate, upon guilty pleas, and sentencing him to one year upon each conviction, the sentences to run consecutively. Sentences modified, on the law, by deleting therefrom the provision that they are to be consecutive and by inserting a provision that they are to be concurrent. As so modified, sentences affirmed. Defendant was charged, in two separate indictments, with a total of six counts of criminal possession of stolen property in the first degree and three counts of illegal possession of a vehicle identification number plate. Both indictments relate to automobiles which were found in defendant's automobile body shop, and the second indictment was merely the result of an oversight in failing to include two counts in the first indictment. Under such circumstances, consecutive sentences should not have been imposed. We therefore do not reach the question whether these offenses were committed as "parts of a single incident or transaction" which would prohibit the imposition of sentences which, in the aggregate, exceed one year (Penal Law, § 70.25, subd. 3; see *People* v. *Salter*, 39 A D 2d 593; *People* v. *Nelson*, 32 A D 2d 952). The case is remitted to the Supreme Court, Queens County, for proceedings to direct appellant to surrender himself to said court in order that execution of the judgment be commenced or resumed (CPL 460.50, subd. 5). Shapiro, Acting P. J., Cohalan, Christ, Brennan and Munder, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HENRY LAWSON, Appellant.— Appeal by defendant from a judgment of the County Court, Nassau County, rendered November 27, 1972, convicting him of criminally selling a dangerous drug in the third degree (two counts) and criminally possessing a dangerous drug in the fourth degree (two counts), upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered (*People* v. *Goggins; People* v. *Brown*, 34 N Y 2d 163). Defendant raised no issue with respect to the facts, and the facts have not been considered. Shapiro, Acting P. J., Christ, Brennan and Munder, JJ., concur; Cohalan, J., dissents and votes to affirm.